FILED

2018 JUN 18 PM 3:56

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Entrust Datacard Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Atlantic Zeiser GmbH, Atlantic Zeiser, Inc., and Innovatime Industrie SARL<br><br>Defendants. | Court File No. 3:17-CV-00110-BJD-MCR |

### PLAINTIFF ENTRUST DATACARD CORPORATION'S MOTION TO FILE UNDER SEAL PURSUANT TO STIPULATION CONCERNING DISCOVERY

Plaintiff Entrust Datacard Corporation ("EDC"), pursuant to Fed.R.Civ.P 26(c), Middle District of Florida Local Rule 1.09(b) and the parties' Stipulation Concerning Discovery[1], move this Court to file under seal the following documents: 1) EDC's *Daubert* Motion to Exclude Opinions of Defendants' Expert Charles M. Curley, with Exhibit A; and 2) the accompanying Declaration of David R. Tushie, as all of these documents contain information and citation from the deposition transcript of Mr. Curley, portions of which may be designated as "Confidential" and/or "Attorneys' Eyes Only" ("AEO") by Defendants. Alongside this motion and as required by the Local Rule, EDC submits both documents to the clerk for filing under seal.

---

[1] Attached hereto as Exhibit 1.

1

## BACKGROUND

EDC's counsel deposed Defendants' identified expert Mr. Curley on June 5, 2018. Defendants may, within 14 days of the deposition, designate portions of the deposition transcript as Confidential or AEO. The fourteen day period for such designations expires on June 19, 2018. EDC has not received any such designations from Defendants to date. However, the time has not yet expired for Defendants to designate portions of Mr. Curley's deposition transcript as Confidential or AEO, and EDC cannot assume that the portions it is filing will not be designated as Confidential or AEO. Thus, EDC seeks, at least temporarily, permission to file these documents under seal.

Plaintiff's *Daubert* motion to exclude the opinions of Mr. Curley, and Mr. Tushie's declaration both cite heavily from Mr. Curley's deposition, possibly including portions that may come to be designated as Confidential and/or AEO by Defendants. Exhibit A to Plaintiff's *Daubert* motion contains actual deposition transcript pages that are cited or referenced. Accordingly, EDC now moves this Court to file these documents under seal for the duration of this lawsuit, or until such time as Defendants have made their confidentiality designations and EDC has an opportunity to ascertain that said documents contain no citations or information that is designated as confidential or AEO by Defendants.

## ARGUMENT

A. **PLAINTIFF'S MOTION TO FILE UNDER SEAL COMPLIES WITH LOCAL RULE 1.09(b).**

Local Rule ("L.R."). 1.09 divides requests to file documents under seal into two categories, (a) those where sealing is *not* authorized by statute, rule, or order, and (b) those

where sealing *is* authorized by statute, rule, or order. Plaintiff's Motion to Seal falls under LR. 1.09(b), which explicitly states four requirements with which such a Motion to Seal must comply:

> (i) a citation to the statute, rule, or order authorizing the seal;
>
> (ii) an identification and description of each item submitted for sealing;
>
> (iii) a statement of the proposed duration of the seal; and;
>
> (iv) a statement establishing that the items submitted for sealing are within the identified [Stipulation] Plaintiff cites as authorizing the seal.

Plaintiff's instant motion complies with all four requirements, as detailed below.

### (i.) The Parties' Discovery Stipulation Requires That These Documents Be Filed Under Seal.

The parties Stipulation Concerning Discovery ("Stipulation") executed on January 11, 2018 requires any confidential information filed with the Court to be filed under seal. Paragraph (4) of the Stipulation states:

> (4) To the extent a party needs to file any Confidential Information with a Court, such information must be filed under seal in accordance with the Court's required procedures.

Since Mr. Curley's deposition transcript, and as it is cited and referenced in both EDC's motion and Mr. Tushie's declaration, likely contains information Defendants may designate as confidential or AEO, EDC seeks to file these documents under seal at this time.

### (ii.) Documents Submitted for Sealing.

EDC submits its Motion to Disqualify Mr. Curley. EDC also submits the Declaration of David R. Tushie for filing under seal. As stated above, these documents either contain Mr. Curley's actual deposition testimony or cite heavily from Mr. Curley's deposition transcript.

3

(iii.) **Proposed Duration of Seal.**

EDC proposes the documents remain under seal at minimum until two weeks after Defendants have provided their confidentiality designations regarding Mr. Curley's deposition transcript, so EDC has an opportunity to review Defendants' designations and ascertain whether any confidentiality designations include content included in EDC's submissions in connection with its Motion to Exclude the Opinions of Defendants' expert Curley.

Further, EDC proposes that if Defendants do designate as Confidential or AEO any citations or references in the cited documents, that the documents remain sealed for the pendency of this lawsuit, or until such time that Defendants withdraw or so alter their confidentiality designations that sealing of the two documents no longer remains necessary.

(iv.) **Parties' Discovery Stipulation Authorizes the Sealing of Documents.**

Middle District Discovery Local Rule I(A)(4) concerning Stipulations states that "the parties may stipulate in writing in accordance with Local Rule 4.15, Middle District of Florida, to alter, amend, or modify any practice with respect to discovery." Here, the parties entered into such a Stipulation Concerning Discovery on January 11, 2018 and agreed that any confidential information filed with the Court *must* be filed under seal. See paragraph (4) of Exhibit 1, attached. The Stipulation authorizes and requires EDC to file any confidential material under seal.

Plaintiff EDC's *Daubert* motion and Mr. Tushie's supporting declaration necessitate citation and discussion of Mr. Curley's deposition testimony regarding his qualifications and opinions as Defendants' designated expert. Exhibit A to Plaintiff's *Daubert* motion contains

4

the actual deposition testimony of Mr. Curley. Plaintiff cannot at this moment know which portions may come to be designated by Defendants as Confidential or AEO. Therefore, EDC in compliance with the parties' Stipulation, requests that the materials it is submitting in connection with its Motion to Exclude the Opinions of Mr. Curley be filed under seal.

## CONCLUSION

Plaintiff EDC is required, per the parties' Stipulation, to file under seal any documents containing confidential information. This requirement of the parties' Stipulation may be effectuated pursuant to L.R. 1.09(b). EDC's request to file under seal its motion to disqualify Mr. Curley and the Declaration of Mr. Tushie complies with the requirements of L.R. 1.09(b), and should be granted.

## STATEMENT OF COMPLIANCE WITH L.R. 3.01(g)

Counsel for EDC conferred with Kyle Gottuso, counsel for Defendants, on June 18, 2018 concerning the Motion to Exclude the Opinions of Defendants' expert Curley. Mr. Gottuso indicated he needed to confer with a partner on this case, and the partners were in Court and presently unavailable. Counsel for EDC later followed up in an email to determine Defendants' position on this Motion to Seal. Counsel for EDC presumes that Mr. Gottuso will provide the same answer as he did for the earlier motion. In any event, counsel for EDC will promptly follow up with the Court if it is determined that all or any part of this motion will be unopposed by Defendants.

Respectfully submitted,

Dated: June 18, 2018

By: /s/ John B. Lunseth
   John B. Lunseth (admitted Pro Hac Vice)
(Minn. #65341)
   Karen D. McDaniel (admitted Pro Hac Vice)
(Minn. #194554)
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8659
jlunseth@briggs.com
kmcdaniel@briggs.com

**Local Counsel:**
Brian R. Gilchrist
Allen, Dyer, Doppelt, & Gilchrist, PA
255 S Orange Ave - Ste 1401
PO Box 3791
Orlando, FL 32801
407-841-2330
Fax: 407-841-2343
Email: bgilchrist@allendyer.com