UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ENTRUST DATACARD
CORPORATION,

    Plaintiff,

v.                                        CASE NO. 3:17-cv-110-J-39MCR

ATLANTIC ZEISER GMBH,
ATLANTIC ZEISER, INC., and
INNOVATIME INDUSTRIE SARL,

    Defendants.
_____/

## SECOND AMENDED CASE MANAGEMENT AND SCHEDULING ORDER AND REFERRAL TO MEDIATION

Upon consideration, the Court enters this second amended case management and scheduling order:

| | |
|---|---|
| Fact Discovery Deadline | March 1, 2019 |
| Mediation Deadline *(The parties will advise the Court of the chosen mediator by the fact discovery deadline)* | March 15, 2019 |
| Disclosure of Expert Reports for Party with the Burden of Proof | April 2, 2019 |
| Disclosure of Rebuttal Expert Reports | May 2, 2019 |
| Expert Discovery Deadline | June 3, 2019 |
| Dispositive and *Daubert* Motions (Responses due 21days after service) | July 1, 2019 |
| Motions *In Limine* | October 9, 2019 |
| Responses to Motions *In Limine* | October 16, 2019 |
| All Other Motions | October 16, 2019 |

| Joint Final Pretrial Statement | | October 16, 2019 |
|---|---|---|
| Final Pretrial Conference | Date:<br>Time:<br>Judge: | October 23, 2019<br>10:00 a.m.<br>Brian J. Davis |
| Trial Term Begins<br> [Trials Before Magistrate Judges Begin on Date Certain] | | November 4, 2019 |
| Estimated Length of Trial | | 5 to 10 days |
| Jury/Non Jury | | Jury |

1. This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

2. With respect to discovery matters, the date set forth above is the <u>final</u> date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to

the completion date.  Specifically, motions to compel brought pursuant to Rule 37 should be filed as early as possible so that the opposing party has sufficient time to respond, the Court has sufficient time to rule, and the desired discovery, if allowed, can be completed prior to the discovery deadline.  The parties should be aware that a stipulation to the continuance of discovery anticipates no discovery disputes.  Therefore, this Court will not hear discovery disputes arising during the stipulated continuance absent compelling circumstances.  The parties are further advised that any extension of discovery will not result in an extension of the dispositive motion filing deadline or other pretrial or trial dates except upon order of the Court.

3. The parties are reminded of their obligation to comply with the redaction requirements set forth in Fed.R.Civ.P. 5.2.  *See also* Section II.I. of Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida.

4. Pursuant to Local Rule 3.01(a), any motion and memorandum in support thereof must be in a single document not to exceed 25 pages, absent leave of Court.  Responses to motions may not exceed 20 pages, absent leave of Court. In summary judgment practice, the combined motion and memorandum (including any "Statement of Undisputed Facts") must be filed as one document and may not exceed 25 pages, absent leave of Court.  <u>Please deliver a courtesy copy of all dispositive and *Daubert* motions and responses, including copies of all relevant exhibits and depositions, to the chambers of the undersigned</u>.

5. Except as otherwise ordered, the parties are directed to meet the pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and to timely adhere to all requirements in Local Rule 3.06 concerning Final Pretrial Procedures. While counsel for Plaintiffs shall be responsible for initiating the pretrial compliance process, all parties are responsible for assuring its timely completion.

6. Motions to amend any pleading after the deadline set forth in this Order or motions for continuance of any pretrial conference, hearing, or trial are discouraged.

7. A pretrial statement in compliance with Local Rule 3.06 shall be filed with the Clerk of Court on or before the date noted in this Order with two courtesy copies to be provided to the Court. The parties are required to identify the depositions to be read at trial in the pretrial statement but are <u>not</u> required to designate the pages of depositions to be read at trial until a date to be established by the Court at the final pretrial conference.

8. The final pretrial conference and trial will be held in Courtroom 12C, 12th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida. The pretrial conference shall be attended by counsel who will act as lead counsel and who are vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial. **Arguments on Motions *In Limine*, if allowed, will be heard at the Final Pretrial Conference.**

9. Unless otherwise ordered by the Court, no later than **five days** before the trial term set forth above, the parties **shall file** with the Clerk of Court the following (<u>and</u>, as to each of the following, provide directly to Chambers, Suite 11-400, by mail or hand delivery two (2) copies marked "Judge's Chambers Copy"):

- (a) <u>Each side</u> shall file a **Trial Brief**, with citations of authorities and arguments specifically addressing all significant disputed issues of law likely to arise at trial: **<u>and</u> either (b) or (c) below, as appropriate.**

- (b) **If case is a jury trial**, the following:

    - (1) A concise (one paragraph preferably) **joint or stipulated** statement of the nature of the action to be used solely for purpose of providing a <u>basic</u> explanation of the case to the jury *venire* at the commencement of the jury selection process;

    - (2) **Proposed *Voir Dire*** (the Court will conduct the jury *voir dire* and, in addition to the usual more general questions, will, without initiation by counsel, ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration); and

    - (3) A **Proposed Verdict Form** and complete set of all written **Proposed Jury Instructions.** (The Court will expect counsel to give their best efforts, cooperatively, in the production of a <u>joint set of instructions and verdict form</u>, the format of which the Court will discuss at the pretrial conference.)

- (c) **If case is a non-jury trial, Proposed Findings of Fact and Conclusions of Law** (each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel).

10. **FAILURE ON THE PART OF COUNSEL OR AN UNREPRESENTED PARTY TO APPEAR AT THE FINAL PRETRIAL CONFERENCE OR TO COMPLY WITH THE REQUIREMENTS OF THIS ORDER WILL SUBJECT THE PARTY OR ATTORNEY TO APPROPRIATE SANCTIONS UNDER THE RULES, AND MAY RESULT IN DISMISSAL OR STRIKING OF ALL PLEADINGS OF THE FAILING PARTY OR PERSON.**

11. In order that the intended purposes of the pretrial procedures are accomplished, all meetings of counsel, including the final pretrial conference, shall be attended by counsel who will participate in the trial of the case and is vested with full authority to make and solicit disclosures and agreements touching on all matters pertaining to the trial.

12. In the event that the dates set herein for final pretrial conference and/or trial are continued or otherwise modified, the remaining provisions of this Order shall remain in full force and effect.

13. The parties are advised (and should advise their witnesses) that photo identification is required to enter the United States Courthouse. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar (presentation of the Duval County Courthouse lawyer identification card will

suffice) or an Order of special admission *pro hac vice*.[1]

14. **THE COURT HAS DONE EVERYTHING POSSIBLE TO SET APPROPRIATE DEADLINES FOR THIS CASE. THE PARTIES SHOULD PROCEED ACCORDINGLY. DO NOT ASSUME THAT THE COURT WILL EXTEND THESE DEADLINES.**

## MEDIATION ORDER

This case is referred to the mediator listed above pursuant to Chapter Nine of the Local Rules. Counsel for Plaintiff is designated as the lead counsel to be responsible for coordinating a mutually agreeable mediation date and for filing a notice advising the Court of the date selected for mediation. If Plaintiff is proceeding *pro se*, counsel for the Defendant shall undertake the responsibility for coordinating a mutually agreeable mediation date and for filing the notice. The mediation conference shall be completed by the date set forth above. Absent agreement otherwise by the parties or order of the Court, the cost of the mediator's services shall be borne equally by the parties.

**DONE AND ORDERED** in Jacksonville, Florida, on December 19, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[1] Cell phones must be turned off while in the courtroom.