UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ENTRUST DATACARD CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>ZEISER GMBH, formerly known as Atlantic Zeiser GmbH,  ZEISER, INC., formerly known as Atlantic Zeiser, Inc., and INNOVATIME INDUSTRIE SARL<br><br>Defendants. | Case No. 3:17-CV-110-J-39MCR |

**DEFENDANTS' MOTION FOR LEAVE TO FILE
A REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' SECOND MOTION TO COMPEL**

In its February 15, 2019 Response to Defendants' Second Motion to Compel, Plaintiff falsely represented to the Court that Plaintiff's own prior art card personalization machines and associated printed manuals are "irrelevant" and "hav[e] nothing to do with any of the claims or defenses at issue in this action."  Dkt. 222 ("Response") at 1, 2.

After Defendants filed their Second Motion to Compel on February 1, 2019, and following a long search of the public domain caused by Plaintiff's refusal to produce its own prior art product manuals and related documents, Defendants finally found several exemplary prior art manuals for Plaintiff's 7000 and 9000 Series card personalization machines from the mid-1990s (several years prior to the filing date of the '205 patent).  But contrary to Plaintiff's assertions, these 7000 and 9000 Series prior art machines and printed manuals are highly relevant to Defendants' invalidity claims.  Indeed, these prior art machines provide the very functionality that the United States Patent Office ("PTO") found was missing from the prior art when the PTO allowed asserted claim 4 to issue in the '205 patent.

Plaintiff did not disclose these prior art machines and printed manuals to the PTO during prosecution of the '205 patent and now is improperly trying to block the Court and Defendants from gaining access to them as well.

Defendants respectfully request leave to file a five page Reply to: (1) address Plaintiff's false representations regarding its own prior art machines; and (2) provide the Court with the exemplary manuals that were recently discovered by Defendants for consideration in ruling on Defendants' Second Motion to Compel.

## I.  STANDARD

This Court's Local Rules require parties to seek leave from the Court before filing a reply to any response to a motion. L.R. 3.01(c). "The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Allied Portables, LLC v. Youmans*, No. 15-cv-294-FtM-38CM, 2016 U.S. Dist. LEXIS 185761, *2 (M.D. Fla. Oct. 19, 2016) (citing *Tardif v. People for Ethical Treatment of Animals,* No. 09-cv-537-FtM-29SPC, 2011 U.S. Dist. LEXIS 75346, *2 (M.D. Fla. July 13, 2011)). Good cause for leave to file a reply can include the need to provide the court with discovery items that can provide context to the issues. *Spinelli v. Capital One Bank*, No. 8:08-CV-0132-T-33EAJ, 2009 U.S. Dist. LEXIS 136236, at *7 (M.D. Fla. May 13, 2009) (granting leave to file a reply so deposition excerpts could be filed that would provide context). *See also Fernandez v. JLG Indus.*, No. 2:09-cv-788-FtM-29DNF, 2012 U.S. Dist. LEXIS 194115, at *4 (M.D. Fla. July 18, 2012) (allowing a reply because "it does clarify the issues raised.").

## II.   ARGUMENT

Good cause exists for Defendants to file a reply here. Plaintiff's Response asserts that the Plaintiff's own prior art card personalization machines and printed manuals are "irrelevant" to the issue of invalidity of the asserted claims of the '205 patent. This is demonstrably false.

Claim 4 of the '205 patent requires, among other limitations, "a pass-through location through which a card is able to pass without programming." The Court has already determined that this quoted claim language should be given its "Plain and ordinary meaning." Dkt. 156 at 40. This is the only limitation in claim 4 of the '205 patent that the PTO stated was missing from the prior art when the PTO allowed the '205 patent to issue. Dkt. 124 at 128 (Notice of Allowance) (stating that the prior art of record did not disclose a "pass-through location to enable a card to pass through the programming module without programming.").

Plaintiff now asserts that this "pass-through location" limitation is found in the accused PERSOMASTER machines, <u>but only when</u> the integrated circuit programming functionality of those machines is "turned off" and thus cannot program anything. Dkt. 63-3 at 28 (To quote Plaintiff's infringement contentions, "with the ICC Programming turned off, cards pass through a programming station without programming."). <u>This is the only purported basis in Plaintiff's infringement contentions</u>[1] <u>for asserting that the PERSOMASTER machines have a "pass-through location."</u>

The fatal problem for Plaintiff is that the modules in Plaintiff's own prior art 7000 and 9000 Series Machines, including the integrated circuit or "smart card" programming module,[2]

---

[1] The fact that Plaintiff's Infringement Contentions only contend there is infringement when Defendants' accused PERSOMASTER machines are turned off highlights the lack of merit in Plaintiff's absurd position. The Court should know that there are still other reasons for why there is no infringement here, either. These will be more fully explained in a motion for summary judgment to be filed shortly after the close of discovery.

[2] Cards having an integrated circuit (IC) are sometimes referred to in the industry as "smart cards."

3

have the very same "turn off" and "pass-through" functionality where no programming occurs that Plaintiff now accuses of infringement. This is clear from the following image taken from one of the DataCard manuals recently found by Defendants:



Exhibit 1 at 13 (emphasis added). The recently found manuals contain numerous other references to cards being "passed through" modules in the prior art 7000 and 9000 Series Machines when those modules are turned off and thus not programming anything.

Plaintiff should not be permitted to continue withholding such material evidence that shows a clear conflict in its validity and infringement arguments. The fact that Defendants independently found exemplary manuals does not alleviate Plaintiff's obligation to produce all of the requested information, including all of the relevant manuals for all of Plaintiff's prior art card personalization machines that included an IC programming module.

Defendants therefore respectfully request leave to file a Reply in order to address Plaintiff's false statements and to provide the Court with the highly relevant information recently obtained by Defendants since filing their Second Motion to Compel. Defendants' requested five page Reply will be beneficial to the Court's understanding of the extreme relevance of the documents sought in Defendants' pending Second Motion to Compel.

### III. LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants conferred with counsel for Plaintiff in person on February 22, 2019, regarding Defendants' Motion for Leave to File a Reply. Counsel for Plaintiff informed counsel for Defendants that Plaintiff opposed Defendants' Motion for Leave to File a Reply.

Dated: February 22, 2019

Respectfully submitted,

**STINSON LEONARD STREET LLP**

By: */s/Michael J. Hartley*
Robert M. Evans, Jr. (*pro hac vice*)
Michael J. Hartley (*pro hac vice*)
Kyle G. Gottuso (*pro hac vice*)
Stinson Leonard Street LLP
7700 Forsyth Boulevard, Suite 1100
Saint Louis, Missouri 63105
Tel: (314) 863-0800
Fax: (314) 345-7600
Email: robert.evans@stinson.com
michael.hartley@stinson.com
kyle.gottuso@stinson.com
      -and-

James Glober
GLOBER LAW FIRM
2119 Riverside Avenue
Jacksonville, Florida 32204
Tel: (904) 633-9999
Fax: (904) 388-0968
Email: jglober@globerlaw.com

*Attorneys for Defendants Zeiser GmbH, Zeiser Inc., and Innovatime Industrie SARL*

**CERTIFICATE OF SERVICE**

 I hereby certify that on February 22, 2019, I filed the foregoing **DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND MOTION TO COMPEL** via the Court's electronic filing system for service on the following counsel of record:

Brian R. Gilchrist
Allen, Dyer, Doppelt + Gilchrist, PA
255 South Orange Avenue, #1401
Post Office Box 3791
Orlando, FL 32802-3791
bgilchrist@allendyer.com

John B. Lunseth
Karen D. McDaniel
Mira Vats-Fournier
Aaron M. Johnson
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2157
jlunseth@briggs.com
kmcdaniel@briggs.com
mvats-fournier@briggs.com
ajohnson@briggs.com

*Attorneys for Plaintiff*

                /s/Michael J. Hartley