**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

|  |  |
|---|---|
| ENTRUST DATACARD CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:17-cv-00110-BJD-MCR |
| ZEISER, GMBH, FORMERLY KNOWN AS ATLANTIC ZEISER, GMBH; ZEISER INC., FORMERLY KNOWN AS ATLANTIC ZEISER, INC.; and INNOVATIME INDUSTRIE SARL, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF EDC'S MOTION FOR AN ORDER TO**
**SHOW CAUSE WHY DEFENDANTS AZG AND AZI**
**SHOULD NOT BE SUBJECT TO DISCOVERY SANCTIONS**

**I.    INTRODUCTION**

On October 4, 2018, five months ago, Plaintiff served Rule 30(b)(6) deposition notices on Defendants AZG and AZI. Because of Defendants' wholesale failure to provide discovery, a Status Conference was held on October 11, 2018, as a result of which the discovery cut-off in this case, which previously was November 11, 2018 (Dkt. 84), was moved to March 1, 2019 (Dkt. 205). Plaintiff served Amended Rule 30(b)(6) notices on AZG and AZI on January 16, 2019. (Exhibits A and B.) Notwithstanding the discovery extension, AZG and AZI failed in the five months it had to fully respond to Plaintiff's Notices, and to provide corporate designees to support their defenses and counterclaims concerning non-infringement and invalidity. The AZ Defendants should be sanctioned for their failure,

1

despite the schedule extensions, to comply with their discovery obligations under the Federal Rules of Civil Procedure and the Local Rules and Civil Discovery Handbook of this Court. Plaintiff Entrust Datacard Corporation ("EDC") respectfully requests that the Court issue an Order requiring Defendants Zeiser, GmbH ("AZG") and Zeiser, Inc. ("AZI") (collectively, "the AZ Defendants") to Show Cause why they should not be subject to sanctions under Fed. R. Civ. P. 37 for their failure to timely identify and produce corporate designees in response to EDC's Rule 30(b)(6) Notices during discovery.

## II.     FACTUAL BACKGROUND

The AZ Defendants have, for several months, ignored EDC's Rule 30(b)(6) deposition notices. EDC served its initial Rule 30(b)(6) deposition notices on AZG and AZI on October 4, 2018. (Exs. C and D.) Both AZ Defendants stonewalled discovery efforts, and strategically delayed identifying and providing corporate designees until after knowledgeable persons were no longer employees of their renamed shell companies, Zeiser GmbH and Zeiser, Inc. It was not until over four months later, February 22, 2019 (and one week before the discovery deadline), that the AZ Defendants finally offered a corporate designee "for the remaining deposition categories," but only for a deposition occurring three weeks after the Court-mandated discovery deadline. (Ex. E.) The AZ Defendants have yet to object to the majority of the Rule 30(b)(6) noticed topics.

The AZ Defendants' litigation strategy, or rather misconduct, continues a pattern of refusing to provide depositions of their witnesses unless Plaintiff takes upon itself herculean efforts and expense. Extensive motion practice has been necessary for EDC to take any depositions of AZ Defendants' witnesses. For example, on August 24, 2018, EDC served a

subpoena upon Mr. David Belan for a deposition to occur on September 5. (Ex. F.) Defendants forced EDC to bring a Motion to Enforce Mr. Belan's subpoena. (Ex. G.) Eventually, after significant expenditure of time and resources, Defendants acquiesced, provided documents, and offered Mr. Belan for deposition on the eve of the hearing on EDC's. Mr. Belan purportedly was designated to speak on behalf of the AZ Defendants for portions of ten (10) topics, none of which dealt directly with infringement or the validity of the asserted patents. (Ex. H.) Plaintiff also objected to Mr. Belan's last-minute designations.

Defendants' failure to produce central documents, identify corporate designees for Rule 30(b)(6) depositions, or produce witnesses was addressed at the parties' Discovery Status Conference on October 11, 2018. EDC's counsel reiterated that since Defendants had limited EDC to deposing the witnesses in one sitting only, if EDC could get the requested categories of documents, EDC could take meaningful depositions as noticed, without EDC moving the Court to reopen the deposition(s). (Ex. I.) EDC's counsel concluded, "If we can get the documents, then we can get depositions done, yes." (*Id.* at 26:12-13.) Defendants' counsel responded that they were "having discussions with AZ trying to figure out who the [Rule 30 (b)(6)] witnesses are going to be." (*Id.* at 66:13-14.)

In addition to the original 30(b)(6) notices to AZG and AZI, EDC had also sent notices for individual deposition notices of Uwe Hartmann, Herve Mathieu, and Thomas Obitz on October 4, 2018. (Exs. J, K, and L.) In response, AZG and AZI identified all three of these individuals as foreign nationals, and stated their preference for the depositions to occur in Europe. Of course, depositions taken in foreign jurisdictions such as France, are potentially subject to blocking statutes that subject the attorneys to criminal jeopardy.

On January 16, 2019, EDC served amended Rule 30(b)(6) notices upon Defendants AZG and AZI, as well as individual amended notices to Mr. Obitz and Mr. Hartmann. (Exs. A, B, M, and N.) These amended notices were largely the same as those previously served back in October, but reflected that the initially-noticed dates had long since passed. Defendants' counsel again informed EDC that they would identify the corporate designee(s) "in due course," and noted that Mr. Obitz and Mr. Hartmann are no longer employees of AZG, and are not within the control of AZG. (Ex. O.) On February 11, 2019, Defendants designated Mr. Jean Michel Jousson, the CEO of Defendant Innovatime Industrie SARL, as AZG and AZI's designee for a limited number of topics included in EDC's deposition notice to the AZ Defendants. (Ex. P.) Of course, Mr. Jousson is not, and has not been, an employee of either of the AZ Defendants. (*Id.*)

At this same time, the AZ Defendants attempted to retroactively designate Mr. Sebastien Rastel's past testimony for topics of deposition. (*Id.*) Mr. Rastel is an officer of the non-party French entity Gemalto, parent company of the U.S. entity Source One Direct, Inc. ("Source One"). EDC had served a subpoena upon Source One concerning several accused machines. And again, EDC was forced to file a Motion to Enforce Subpoena and a Request for an Emergency Hearing on Motion to Enforce Subpoena to secure the 30(b)(6) deposition of Source One. (Ex. Q.)

Prior to filing its response to EDC's Motion and Request for Emergency Hearing, Source One agreed to provide a deposition and designated Mr. Rastel as its Rule 30(b)(6) designee. After a lengthy period of coordination, EDC's counsel deposed Mr. Rastel on December 5, 2018. (Ex. R.) Defendants' counsel attended Mr. Rastel's deposition. (*Id.*)

Astoundingly, on February 11, 2019, the AZ Defendants attempted to retroactively designate Mr. Rastel/Source One's testimony during his December 5, 2018 deposition for topics directed to AZG and AZI. And this "retroactive designation" occurred *after* Defendants refused EDC's attempts to show Mr. Rastel documents that were designated "confidential" by the AZ Defendants. (*Id.*)

In its initial disclosures pursuant to Rule 26(a)(1), Defendant Innovatime Industrie SARL ("Innovatime") identified Messrs. Jean Michel Jousson (CEO, Innovatime), Thomas Obitz (CFO and Managing Director, AZG), Tom Coco (President and CEO, AZI), and David Belan (Sales Director, AZI) as 'persons likely to have discoverable information." (Ex. S.) Mr. Coco was only listed as having information "regarding the business operations of AZI, AZI's sales of the PERSOMASTER machine, and the marketing and general operation of the PERSOMASTER machine." (*Id.*)

On February 22, 2019, a mere six days before the close of fact discovery in this case, Defendants' counsel identified Mr. Thorsten Tritschler as AZG's corporate designee, and AZI's corporate designee, for "the remaining deposition categories," and limited Mr. Tritschler's availability for deposition to March 21, 2019 —three weeks after the scheduled close of fact discovery in this case—and one day before Defendants' proposed mediation date, even though the Amended Scheduling Order sets the deadline for mediation to be completed as March 15, 2019). (ECF Dkt. 205; Ex. E.) Mr. Tritschler was not identified in AZ Defendants' initial disclosures as a knowledgeable witness, and was not offered as a potential Rule 30(b)(6) witness in subsequent correspondence. The AZ Defendants failed to raise the scheduling of his deposition in the months prior to his belated identification.

5

On February 25, 2019, after EDC pointed out the inability to conduct a meaningful deposition of Mr. Tritschler after the Court-ordered close of discovery per this District's Local Rules and Civil Discovery Handbook, Defendants offered Mr. Coco for March 1, 2019 in North Carolina. (Ex. T.) This was after EDC had repeatedly stated that they were unavailable for depositions during the last week of discovery, and after EDC's counsel had already rearranged their schedules in order to comply with Defendants' last-minute request to take the deposition of a retired, ex-EDC employee residing in Austin, Texas on February 26, 2019, as well as to attend a Markman hearing in an unrelated patent litigation before a Court in this District. (Exs. U, V.)

This last minute offer to produce Mr. Coco, who was never employed by AZG, as AZG's corporate designee, scant hours before the close of discovery, is unreasonable. Defendants did not argue that discovery should remain open, nor that Defendants should petition the Court for an extension of the discovery period. (Ex. T.) Nor did they provide any justifiable reason for waiting to designate and offer Mr. Coco at the last minute. EDC had originally subpoenaed Mr. Coco's deposition, but withdrew the deposition after learning that he was retired from AZI. In the period between the receipt of the subpoena and the withdrawal of his deposition, the AZ Defendants did not identify Mr. Coco as a potential Rule 30(b)(6) witness, and subsequently stated he retained no documents responsive to EDC's 63 document requests directed to him. [Ex. W.]

In stark contrast, as of the date of this submission, *four* depositions of EDC's corporate designees, as well as the depositions of one current and two retired employees in their individual capacities, have been completed. Each and every witness deposition

6

requested by the AZ Defendants has been provided by EDC. The AZ Defendants have intentionally thwarted EDC's right to discovery under the Federal Rules of Civil Procedure and Local Rules. All the same, the AZ Defendants have now also failed to provide *any* current AZG or AZI employees in support of their claims of non-infringement and patent invalidity during the discovery period.

### III.  LEGAL STANDARDS

Sanctions under Fed. R. Civ. P. 37 are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great Amer. Commc'ns*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that party bore "substantial responsibility" for the delays in discovery). In addition, a court may impose sanctions for litigation misconduct under its inherent power which derives from the court's need to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009).

Rule 37(d)(1) provides that if a party or corporate representative fails, after being served with proper notice, to appear for that person's deposition, the Court may order sanctions. Rule 37 provides a range of sanctions that a district court may impose upon parties for failure to comply with the court's discovery orders, such as: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any

7

pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court. Fed. R. Civ. P. 37.

## IV.     ARGUMENT

The AZ Defendants cannot demonstrate that their failure to provide duly-designated corporate witnesses within the Court's discovery period was substantially justified, or that their last-minute, bad-faith attempts to create the semblance of compliance with discovery rules and their own representations could in any way satisfy their obligations. The AZ Defendants' conduct throughout discovery, and in particular, their refusal to provide Rule 30(b)(6) corporate designees for months after receipt of EDC's deposition notices, and the belated "non-offer" at the close of discovery merits the imposition of sanctions. The Court should dismiss the AZ Defendants' counterclaims and affirmative for this continuing discovery abuse, or alternatively preclude Defendants AZG and AZI from providing witnesses at trial in support of their claims of non-infringement and invalidity counterclaims in the future and at trial who have not been deposed.

### A.     The AZ Defendants ignored their obligations to respond to the Rule 30(b)6) Notices for months.

The AZ Defendants cannot demonstrate that their failure to provide a corporate designee to speak to the majority of Rule 30(b)(6) topics during the time the Court provided for discovery is substantially justified or acceptable. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). If the AZ Defendants' unprofessional conduct here is tolerable, which they have continually exhibited,

8

then all parties in all cases will be encouraged to: 1) refuse to timely provide depositions; 2) require motion practice for taking routine depositions; 3) take depositions outside of the discovery period; 4) withhold identification of 30(b)(6) witnesses for numerous substantive topics a mere four days prior to the close of discovery and after a delay of months; and 5) offer witnesses at times when it is known that opposing counsel were unavailable. These behaviors conflict with Civil Discovery Handbook Rule II.A.1, the Local Rules, and Rule 1, Federal Rules of Civil Procedure, which provides that the rules shall be construed and implemented to secure the just, speedy, and inexpensive determination of an action.

Fact discovery closes on March 1, 2019. EDC served its initial Rule 30(b)(6) deposition notices on October 4, 2018. EDC served amended Rule 30(b)(6) notices on AZI and AZG on January 16, 2019, and EDC's counsel provided that it would be reasonable in accommodating dates and rescheduling. On January 18, 2019, AZ's counsel responded that "We are still working with Zeiser GmbH and Zeiser Inc. to get available dates for those 30(b)(6) depositions and will provide you with more information in due course." (Ex. O.)

On January 28, 2019, EDC informed Defendants that there could be no depositions during the last week in February due to, among other things, a hearing in another matter before this Court. (Ex. U.) On February 4, 2019, EDC provided dates and locations for all of the Rule 30(b)(6) depositions requested by the AZ Defendants. (Ex. X.) EDC stated that it would work on arranging Mr. Rakun's deposition, who was not a Rule 30(b)(6) witness, and is a former EDC employee residing in Texas. *Id.* On February 11, 2019, EDC provided its responses, objections, and identifications of corporate designees for the topics noticed by the AZ Defendants.

The AZ Defendants did not further respond or provide alternative dates (or designate current or former employees) for the Rule 30(b)(6) topics, besides Mr. Belan's deposition, and failed to even acknowledge any of their obligations related to the Rule 30(b)(6) notice until February 11, 2019. On that evening before the Rule 30(b)(6) deposition of Innovatime and Jean-Michel Jousson, AZI and AZG sent a letter purportedly identifying Mr. Jousson (who had no affiliation with AZI or AZG) for 12 of the 69 noticed topics on behalf of AZG and AZI. Given that no notice was provided that Mr. Jousson would ever be designated on behalf of AZI or AZG, EDC responded that his designation was inappropriate, and noted that Mr. Jousson was neither an employee nor had he been employed by AZG at any time. (Ex. R.) EDC also noted that the retroactive designation of Mr. Rastel's testimony long after the deposition was over is improper and unacceptable. EDC noted that AZ's counsel refused to allow Mr. Rastel to see AZG documents at his deposition and to be questioned about them, requiring the withdrawal of a proffered exhibit. *Id.*

On February 22, 2019, and in the middle of the final Rule 30(b)(6) deposition of an EDC-designated witness, AZ Defendants' counsel sent an email stating that Mr. Thorsten Tritschler will be the Rule 30(b)(6) deposition witness on the "remaining" Rule 30(b)(6) topics, and only offered a date four weeks in the future, and three weeks after the Court-ordered fact discovery deadline. (Ex. E.) The AZ Defendants provided no reason or rationale for its belated response to the notice. Defendants' counsel offered Mr. Tritschler's deposition on March 20th *without any commitment* to produce the documents related to Defendants' asset sale that Defendants' counsel represented to EDC and this Court on October 11, 2018 that they would produce "soon [after that day's hearing]," as AZG and AZI's 30(b)(6)

designee. March 20th of course is a date when EDC would have no recourse whether testimony or documents were withheld or any other assistance of Court is needed if Mr. Tritschler failed to comply with his responsibilities as a purported corporate designee for AZG and AZI. *See* Civil Discovery Handbook, Rule I.F.1.

The AZ Defendants failed to provide a Rule 30(b)(6) corporate designee for the majority of topics. The AZ Defendants' behavior warrants the imposition of sanctions, such as dismissal of the counterclaims directed to invalidity and non-infringement. *See Eon Realty, Inc. v. O'Brien*, No. 1:11CV439-SRW, 2012 WL 3069945, at *10 (M.D. Ala. July 27, 2012) (dismissing party's claims given "demonstrated unwillingness" to cooperate in providing its own Rule 30(b)(6) deposition after failing to propose "any number of deposition dates within the nine weeks available before the deadline" as part of a "clear pattern of delay.").

> **B.    The AZ Defendants' belated offers of a witness three weeks after the deadline, or identifying a witness with four days before the deadline, fails to excuse their months of delay.**

The belated offer for the AZ Defendants' witness for a deposition three weeks after the close of discovery is unreasonable. Mr. Tritschler was not identified as a knowledgeable corporate witness before his offer as a Rule 30(b)(6) corporate designee. And at no point in the more than four and a half months after service of the initial Rule 30(b)(6) notice was he offered as a AZ witness for any date in any location. The AZ Defendants never bothered to offer any dates prior to the last week of discovery for Mr. Tritschler, or any other AZG Rule 30(b)(6) witness in the discovery period. Nor did they discuss any specific difficulties in bringing Mr. Tritschler to the United States at any time before February 22, 2019.

Defendants merely invited delay and obfuscation by saying "they are working on it" without specifying what, if any, difficulties there was in presenting a witness, despite EDC's requests for the AZ Defendants' witnesses.

Simply put, the AZ Defendants hid its witnesses until after the knowledgeable persons were no longer employees of the successor Zeiser entities. The AZ Defendants' half-hearted (and calculated) attempts during the last week of discovery, when AZ Defendants' counsel knew of EDC counsel's unavailability, should not inure to their benefit. *See Eon Realty, Inc. v. O'Brien*, 2012 WL 3069945, at *11 (noting recalcitrant party's representation of remedying failure to provide Rule 30(b)(6) witness did not "ring true" as it had plenty of opportunities to avoid the problem in the first place and chose not to do so). AZG and AZI did not offer an alternative corporate designee to Mr. Tritschler until after EDC identified the obvious problem with post-deadline depositions. The proposed alternative to Mr. Tritschler was Mr. Coco, the now-retired former chief executive of the U.S. subsidiary, AZI. This belated, unreasonable offer came on Monday, February 25, 2019, at 7:08 p.m. EST. Mr. Coco would not be expected to have knowledge about the parent AZG's negotiation and consummation of its asset sale to Coesia, nor the vast number of topics which remain for AZG and AZI. Furthermore, Defendants' counsel have previously stated that Mr. Coco no longer possessed any documents responsive to the topics for which he was subpoenaed, and presumably, Mr. Coco no longer possesses any other documents related to AZI or AZG. AZ Defendants' counsel's proposal, that Mr. Coco could be a viable, alternative witness for a meaningful deposition on dozens of topics, where he no longer possesses any pertinent

documents, in less than four-days' notice before the close of discovery (when EDC's counsel was unavailable), strains the bounds of credulity.

The Middle District of Florida Civil Discovery Handbook, Rule I.F.1 provides that "Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date." Accordingly, the AZ Defendants' identification of and "offer" to provide Mr. Tritschler weeks after the discovery date fails to comply with their discovery obligations. Given Defendants' behavior throughout the discovery process, there is little doubt that Mr. Tritschler (or Mr. Coco) would be ill-educated on the designated topics. And if Mr. Tritschler fails to be reasonably educated on the topics for which he has been designated in a post-deadline deposition, EDC would be without recourse to compel appropriate and binding responses, or seek other relief, from the AZ Defendants. This behavior continues Defendants' pattern of hiding pertinent documents, information, and witnesses; and it must come to an end.

Further, other courts have recognized dismissal of claims for failure to provide a Rule 30(b)(6) witnesses is an appropriate sanction. In *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, the Tenth Circuit affirmed the dismissal of claims for failure to provide a knowledgeable Rule 30(b)(6) designee during discovery. The Tenth Circuit recounted the "litany of dilatory conduct" warranting dismissal of claims as a sanction:

> Ecclesiastes's failure to designate corporate representatives until at least four months after defendants' Rule 30(b)(6) notice; Ecclesiastes's failure to communicate in a timely and responsive fashion with defendants during the discovery period; Ecclesiastes's failure to produce DeLorean for a Rule 30(b)(6) deposition, even after designating him, despite

> repeated written attempts by defendants' counsel to secure an exact date for his deposition; and Ecclesiastes's sudden and "inexplicabl[e]" withdrawal of DeLorean as a Rule 30(b)(6) designee. This behavior clearly violated the district court's mandate to proceed with "all dispatch."

*Id.* at 497 F.3d 1135, 1146 (10th Cir. 2007) (citations omitted).

Similar behavior by the AZ Defendants is evident here. The AZ Defendants failed to identify a corporate designee for the vast majority of AZG and AZI's noticed Rule 30(b)(6) topics before the last week of discovery. In fact, no objections to many of the topics have been received to date.[1] The AZ Defendants stonewalled inquiries into when a deposition would occur by simply running down the discovery clock and failing to provide dates and potential witnesses until the final week of discovery, yet they maintain that no extension of discovery is warranted. Mr. Tritschler was not previously identified as a knowledgeable witness, and his sudden, limited post-deadline availability in the absence of any prior identification or representations warranting his out-of-time deposition is incredulous.

The AZ Defendants have not proceeded with "all dispatch" or fulfilled the Court's admonition "to continue to communicate with each other to resolve any of the outstanding discovery disputes, including agreement on deposition dates" Order, Dkt. 176, at 2. AZG and AZI's counsel noted at the Status Conference with this Court on October 11, 2018 that they were trying to figure out "who the witnesses are going to be" in response to EDC's Rule 30(b)(6) Notice. (Dkt. 178, Tr. 66:10-17.) That they still failed to provide corporate designees four months after receiving those topics demonstrates their tactical and improper motivation in hiding their witnesses during discovery.

---

[1] On February 11, 2019, AZG and AZI served objections and responses to Topic Nos 4, 5, 6, 8, 10, 30, 31, 58, 60, 62, 64, and 65.

EDC respectfully requests that this Court enter an Order to Show Cause why Defendants should not be sanctioned for failing to produce corporate witnesses during the time for discovery. EDC respectfully posits an appropriate sanction for this, and AZG and AZI's continuing resistance to fulfill its other discovery obligations, is to strike the AZ Defendants' Answer and Affirmative Defenses. *Cf. Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1146; *Eon Realty, Inc.*, 2012 WL 3069945, at *10. In the alternative, EDC submits an appropriate sanction is that AZG and AZI be prohibited from providing any witness at trial except for those whose depositions occurred prior to the close of the Court's discovery period.

## V.   CONCLUSION

AZG and AZI's gamesmanship must end and they must reap the natural consequences of their obstruction and defiance of this Court, the Federal Rules of Civil Procedure. Accordingly, AZG and AZI should be made to demonstrate and show cause why they should not be subject to sanctions, such as the striking of AZI and AZG's affirmative defenses and counterclaims concerning non-infringement and invalidity, or wholesale preclusion of the testimony at trial of any AZG or AZI witness whose deposition was not provided during the discovery period.

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff's counsel conferred with counsel for Defendants via telephone and correspondence multiple times concerning the AZI and AZG depositions, and most recently on March 1, 2019 regarding EDC's Motion for an Order to Show Cause Why Defendants

AZG and AZI Should Not Be Subject to Discovery Sanctions. Defendants' counsel informed Plaintiff's counsel that Defendant opposed Plaintiff's Motion.

Dated: March 1, 2019                By: *s/* John B. Lunseth
                                    John B. Lunseth (Minn. #65341)
                                    Karen D. McDaniel (Minn. #494554)
                                    Mira Vats-Fournier (Minn. #0399692)
                                    Aaron M. Johnson (Minn. #034641X)
                                    BRIGGS AND MORGAN, P.A.
                                    80 South Eighth Street, Ste. 2200
                                    Minneapolis, MN 55402-2157
                                    612-977-8400
                                    612-977-8659 (facsimile)
                                    jlunseth@briggs.com
                                    kmcdaniel@briggs.com
                                    mvats-fournier@briggs.com
                                    ajohnson@briggs.com

                                    Brian R. Gilchrist (Fla Bar No. 774065)
                                    Allen, Dyer, Doppelt, & Gilchrist, PA
                                    255 S Orange Ae - Ste 1401
                                    PO Box 3791
                                    Orlando, FL 32801
                                    407-841-2330
                                    Fax: 407-841-2343
                                    Email: bgilchrist@allendyer.com
                                    **ATTORNEYS FOR PLAINTIFF
                                    ENTRUST DATACARD CORPORATION**