UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ENTRUST DATACARD
CORPORATION,

       Plaintiff,

v.                                            Case No. 3:17-cv-110-J-39MCR

ZEISER GMBH, ZEISER, INC., and
INNOVATIME INDUSTRIE SARL,

       Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Omnibus Motion in Limine (Doc.

351; Defendants' Motion), Plaintiff's Omnibus Motion in Limine (Doc. 352 and S. Doc.

368; Plaintiff's Motion), and the parties' responses in opposition (Doc. 357; Plaintiff's

Opposition; Doc. 359; Defendants' Opposition) thereto.

Defendants move to exclude the following witnesses, evidence, and arguments

from being admitted during the trial:

(1) Exclude from evidence Entrust's untimely produced documents (Bates
labeled EDC0028874-EDC0028971);

(2) Exclude Mr. Carney, Mr. Stebbing, and Mr. Brinkworth from testifying at
trial and exclude Entrust from entering any declaration from Mr. Carney, Mr.
Stebbing, or Mr. Brinkworth into evidence;

(3) Exclude Entrust from presenting any testimony or opinion from [Mr.]
Tushie regarding conception or reduction to practice that is not in [Mr.]
Tushie's April 2, 2019 Report or May 2, 2019 Report;

(4) Exclude Entrust from arguing or asserting that Defendants infringe claim
9 of U.S. Patent No. 6,695,205 ("the '205 patent");

(5) Exclude Entrust from arguing that the patent examiner "verified" or substantively reviewed whether the claims of the '205 patent are entitled to an earlier priority (filing) date;

(6) Exclude Entrust from relying on the voluntary dismissal of its previous lawsuit with NBS to argue that Entrust complied with the marking statute (35 U.S.C. § 287(a));

(7) Exclude Entrust from arguing that Innovatime's Inno6000 infringes the '205 or '925 patents;

(8) Exclude [Mr.] Tushie from testifying or providing any opinions regarding Defendants' intent or state of mind;

(9) Exclude argument that the claim term "card" means a card other than an integrated circuit card; exclude Entrust from arguing that the Court's construction of "pass through without programming" actually means to "pass through without attempting to program the IC chip" or to "pass through without testing the IC chip";

(10) Exclude any reference to or argument regarding alleged discovery misconduct or attorney misconduct, including any argument that Defendants allegedly blocked or prevented Entrust from inspecting any PERSOMASTER machine, Defendants allegedly delayed or obstructed any discovery, or that Defendants withheld any discovery;

(11) Exclude any reference to Coesia and exclude any reference to the assets sold by Zeiser GmbH and Zeiser Inc.;

(12) Exclude Entrust from Presenting, Arguing, or Asserting False Statements Regarding the Structure and Function of the Modified PERSOMASTER Machines and Exclude Entrust From Presenting Irrelevant and Factually Unsupported Hypotheticals.

Defendants' Motion at 2–3. Plaintiff moves to exclude the following witnesses, evidence,

and arguments from being admitted during the trial:

(1) Exclude Evidence or Argument Regarding "Inequitable Conduct";

(2) Exclude Evidence or Argument Regarding Non-Infringement Affirmative Defenses and Counterclaims;

(3) Exclusion of Hypothetical Designs That Were Never Actually Implemented;

(4) Exclude Testimony of Mr. Dreifus, and Mr. Hoffman's Reliance on Mr.
Dreifus;

(5) Exclude Claim Construction Arguments not raised by Defendants during
the Markman Proceedings or Rejected by the Court;

(6) Exclude Defendants' Witnesses Who Have Not Been Deposed from
Trial.

Plaintiff's Motion at 2.

"We use the term [in limine] in a broad sense to refer to any motion, whether made

before or during trial, to exclude anticipated prejudicial evidence before the evidence is

actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Motions in limine

should be limited to specific pieces of evidence and not serve as reinforcement regarding

the various rules governing trial, or (re)-addressing substantive motions such as motions

for summary judgment. See Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-

CIV-COOKE, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008); see also Stewart v.

Hooters of Am., Inc., No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June

18, 2007) ("Motions In Limine are disfavored; admissibility questions should be ruled upon

as they arise at trial. Accordingly, if evidence is not clearly inadmissible, evidentiary

rulings must be deferred until trial to allow questions of foundation, relevancy, and

prejudice to be resolved in context.") (internal citations and emphasis omitted); Royal

Marco Point 1 Condo. Ass'n v. QBE Ins. Corp., No. 2:07-CV-16-FTM-99SPC, 2011 WL

470561, at *2 (M.D. Fla. Feb. 2, 2011) ("The court excludes evidence on a Motion In

Limine only if the evidence is clearly inadmissible for any purpose."). In light of the

preliminary or preemptive nature of motions in limine, "any party may seek

reconsideration at trial in light of the evidence actually presented and shall make

contemporaneous objections when evidence is elicited." Miller ex rel. Miller v. Ford Motor

Co., No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004). With these standards in mind, and after having the benefit of argument from counsel at the October 23, 2019 Final Pretrial Conference, it is hereby

    **ORDERED:**

        1. Defendants' Omnibus Motion in Limine (Doc. 351; Defendants' Motion) is **GRANTED in part** and **DENIED in part** as follows:

            a. Defendants' Motion regarding (1) evidence of Plaintiff's untimely produced documents (Bates labeled EDC0028874-EDC0028971), (2) Mr. Carney's, Mr. Stebbing's, and Mr. Brinkworth's testimony at trial and any declaration from Mr. Carney, Mr. Stebbing, or Mr. Brinkworth, and (3) testimony or opinion from Mr. Tushie regarding conception or reduction to practice that is not in Mr. Tushie's April 2, 2019 Report or May 2, 2019 Report is **DENIED**.

            On February 1, 2019, Defendants deposed one of the inventors, Mr. Lundstrom, who testified that the inventions in this case were conceived of in May 1999. See (S. Doc. 324-19 at 9:3–8, 180:23–182:11, 182:19–185:25); see also (Doc. 296-42 at 4 (On November 30, 2018, Plaintiff served Defendants with its First Supplemental Responses to Defendants' Interrogatory Nos. 16 and 17 stating that Plaintiff "responds that the subject matter of claims 4–6 and 8 of the '205 patent were conceived of no later than May 17, 1999 in the United States.")). While Defendants were indeed aware of the May 1999 date prior to the close of discovery on March 1, 2019, the Court does not condone Plaintiff's late discovery production. Before trial commences on November 8, 2019, Plaintiff shall make Mr. Carney, Mr. Stebbing, and Mr. Brinkworth available for

deposition at a time and location most convenient to Defendants. Individually, the three depositions shall not exceed 5 hours.[1]

      b. Defendants' Motion regarding arguments or assertions that Defendants infringe claim 9 of the '205 Patent is **GRANTED**.

      By Order dated July 21, 2017 (Doc. 45), the Court set the deadline for Plaintiff's preliminary infringement contentions for August 25, 2017. On August 25, 2017, Plaintiff served Defendants with its infringement contentions alleging infringement of claims 4–6, and 8 of the '205 Patent and claims 1 and 24 of the '925 Patent. See Defendants' Motion at 12. On March 26, 2019, the Honorable Monte C. Richardson, United States Magistrate Judge, ordered Defendants to produce to Plaintiff by April 5, 2019, specific source code. See (Doc. 250 at 17–18); see also (Doc. 251; Protective Order). Judge Richardson extended the deadline for Defendants to produce the source code to April 17, 2019. (Doc. 262). By Order dated May 9, 2019 (Doc. 264), Judge Richardson granted in part and denied in part Defendants' Motion to Compel (Doc. 218) and ordered the parties to meet and confer regarding amending the infringement contentions and non-infringement contentions (Doc. 264 at 23).

      On May 21, 2019, the parties filed a Joint Notice (Doc. 268; Joint Notice) in response to Judge Richardson's May 9, 2019 Order (Doc. 264). In the Joint

---

[1] "Sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." In re Brican Am. LLC Equip. Lease Litig., No. 10-MD-02183, 2013 WL 5519969, at *5 (S.D. Fla. Oct. 1, 2013), aff'd sub nom. In re: Brican Am. LLC, No. 10-MD-02183-PAS, 2013 WL 12092311 (S.D. Fla. Nov. 15, 2013). The Court considered ordering Plaintiff to pay for all of Defendants' costs associated with taking the three depositions. See Rule 37(c). However, as the Court explains in section 2(f) of this Order, both sides appear to have violated discovery rules. Therefore, at this time the Court will not impose sanctions and each side shall pay its own costs associated with taking the depositions of the late disclosed witnesses.

Notice, the parties stated their differences about whether Defendants provided the entire source code in compliance with the May 9, 2019 Order (Doc. 264). See Joint Notice ¶¶ 1–5. Plaintiff stated that it planned to file a motion to compel additional source code, which it filed on May 22, 2019 (Doc. 269), and stated that it needed additional time to consider amending its infringement contentions. See id. ¶ 6. Defendants maintained that they provided all the source code but did not oppose additional time for Plaintiff's to review the source code through June 17, 2019. See id. ¶ 7. On July 9, 2019, Judge Richardson denied Plaintiff's Motion to Compel (Doc. 269) regarding the additional source code. (Doc. 291 ("The undersigned finds that Defendants have complied with the Court's March 26, 2019 order.")).

In light of Judge Richardson's Order (Doc. 291), on April 17, 2019 at the latest, Plaintiff had all of the relevant source code needed to make any amendments to its infringement contentions. Plaintiff never filed a motion to extend to the deadline to amend its infringement contentions. Instead, on July 22, 2019, Plaintiff referenced for the first time claim 9 of the '205 Patent in its Response in Opposition to Defendants' Daubert Motion to Exclude Testimony and Opinions of Frances McCloskey. See (Doc. 302 at 2).[2] On August 16, 2019, over 5 months after the close of discovery and nearly 2 years after the deadline to amend infringement contentions, Plaintiff merely served Defendants with its amended infringement contentions, referencing claim 9 of the '205 Patent. See Defendants' Motion at 12. Now, on the eve of trial, Plaintiff seeks to assert that Defendants infringed claim 9 of the '205 Patent.

_____

[2] Doc. 302 is the redacted version of Plaintiff's Response. It was not until August 8, 2019, that Plaintiff's unredacted version was filed under seal (S-Doc. 326).

A party seeking to amend its infringement contentions must show good cause, which requires a showing of diligence. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1364–66 (Fed. Cir. 2006). Plaintiff failed to show good cause for not moving to amend its infringement contentions and for serving Defendants' with its amended infringement contentions nearly 4 months after receiving Defendants' source code. Plaintiff's argument that it was operating on the basis that the Court was going to compel Defendants to produce additional source code is unavailing. Plaintiff had all the source code on April 17, 2019, at the latest, and as of the date of this Order it has still failed to formally move for leave to amend its infringement contentions and to explain the cause for the delay. See e.g., id. at 1367–68 (affirming the district court's finding of a lack of diligence when the plaintiff had reason to know of an additional theory but waited over three months to formally move to amend, even though it was "certainly possible that time was required after" a deposition "to sufficiently develop" the theory but the plaintiff failed to explain how it was diligent in waiting three months or what it "was actually doing to develop the . . . theory during the over three-month delay . . . ."). Finally, Plaintiff's reliance on the Joint Notice highlighting the parties' differences about whether Defendants compiled with Judge Richardson's discovery order, and that Plaintiff needed additional time to review the allegedly forthcoming additional source code to determine amendments to its infringement contentions is likewise unavailing. See e.g., id.; see also Outside the Box Innovations, LLC v. Travel Caddy, Inc., No. 1:05-CV-02482, 2008 WL 11337316, at *3 (N.D. Ga. Aug. 26, 2008) (finding that the defendant did not demonstrate good cause for its delay in amending its infringement contentions or that it was diligent in amending its infringement contentions).

c. Defendants' Motion regarding arguments that the patent examiner "verified" or substantively reviewed whether the claims of the '205 Patent are entitled to an earlier priority (filing) date is **GRANTED** to the extent that Plaintiff is precluded from arguing that the file history (Doc. 331 at Ex. F at EDC 0000834) verifies that the '205 Patent is entitled to an earlier priority date. See MPEP § 202 ("The inclusion of prior application information in the patent does not necessarily indicate that the claims are entitled to the benefit of the earlier filing date). However, Plaintiff is not precluded at this time from using the '205 Patent file history (Doc. 331 at Ex. F at EDC 0000834) or other evidence to support that the patentee indeed claimed an earlier priority date.

d. Defendants' Motion regarding the voluntary dismissal of Plaintiff's previous lawsuit with NBS to argue that Plaintiff complied with the marking statute (35 U.S.C. § 287(a)) is **GRANTED** to the extent that Plaintiff is precluded from arguing that the judgment (Doc. 331-20) entered by the United States District Court, District of Minnesota in the prior NBS lawsuit confirms that Plaintiff complied with the marking statute, 35 U.S.C. § 287(a). The Court strikes a balance between 1) Defendants' need to show that NBS, as a licensee of Plaintiff's '925 Patent, failed to mark the '925 Patent on NBS's machines, with 2) Plaintiff's need to show that while NBS had a license to the '925 Patent, NBS did not practice the '925 Patent and thus was not required to mark the machines. In other words, Plaintiff is precluded from offering the judgment (Doc. 331-20) during trial as conclusory proof that because the judgment was entered, Plaintiff complied with the marking statute, 35 U.S.C. § 287(a). Instead, Plaintiff may, in its discretion, use the judgment (Doc. 331-20) or other evidence to rebut Defendants' arguments that Plaintiff failed to mark its '925 Patent on NBS's machines.

e. Defendants' Motion regarding arguments that Innovatime's Inno6000 infringes the '205 or '925 Patents is **DENIED**. Plaintiff identified the Inno6000 as an infringing product and the machine is allegedly the same or similar to the PERSOMASTER machines. See (Doc. 160 at 3–4); see also (Doc. 159-9 at 94:10–14; Transcript of the June 18, 2018 Markman Hearing (discussing the Innovatime machines sold)).

f. Defendants' Motion regarding Mr. Tushie's testimony and any opinions regarding Defendants' intent or state of mind is **GRANTED** to the extent that Plaintiff is precluded from offering Mr. Tushie's testimony to establish Defendants' literal intent or state of mind. See Fuji Photo Film Co. v. Jazz Photo Corp., 394 F.3d 1368, 1378 (Fed. Cir. 2005) ("[I]ntent is a factual determination particularly within the province of the trier of fact . . . ." (internal quotations and citation omitted)). However, Plaintiff is not precluded at this time from offering Mr. Tushie's testimony, or other evidence, on matters within an expert's experience and technical expertise. See id. at 1377 ("A patentee may prove intent through circumstantial evidence.").

g. Defendants' Motion regarding arguments that the claim term "card" means a card other than an integrated circuit card and arguments that the Court's construction of "pass through without programming" actually means to "pass through without attempting to program the IC chip" or to "pass through without testing the IC chip" is **DENIED**.

On June 18, 2018, the Court held a Markman hearing on the parties' disputed claim terms. See (Doc. 151); see also (Doc. 126; Joint Claim Construction Chart filed on May 7, 2018); (Doc. 156; Court's June 29, 2018 Markman Order construing the

parties' disputed claim terms). The parties never provided the term or phrase "card" or "pass through without programming" in their Joint Claim Construction Chart.[3] Now, on the eve of trial and approximately 16 months after the Court held the Markman hearing, the Court will not engage in additional claim construction. See e.g., Avocent Huntsville Corp. v. ClearCube Tech., Inc., 443 F. Supp. 2d 1284, 1305 (N.D. Ala. 2006) (where "after claim construction and on the eve of trial, [the defendant] proffer[ed] yet another, previously undisclosed claim limitation" the court granted the plaintiff's motion to strike portions of the defendant's expert's report relating to the previously undisclosed claim limitation); see also Atmel Corp. v. Info. Storage Devices Inc., No. C 95-1987 FMS, 1998 WL 775115, at *2–3 (N.D. Cal. Nov. 5, 1998) (refusing to allow amendment to claim charts after claim construction when the court construed the disputed claims more than 6 months earlier and when the complaint was filed more than 3 years earlier).

h.  Defendants' Motion regarding references to or arguments regarding alleged discovery misconduct or attorney misconduct, including any argument that Defendants allegedly blocked or prevented Plaintiff from inspecting any PERSOMASTER machine, that Defendants allegedly delayed or obstructed any discovery, or that Defendants withheld any discovery is **GRANTED** to the extent that evidence of discovery and attorney misconduct is excluded during the trial. The Honorable Monte C. Richardson, United States Magistrate Judge, resolved all discovery disputes and the Court does not intend on revisiting those issues during the trial and will certainly not revisit

---

[3] The parties provided the dispute phrase, "pass-through location through which a card is able to pass without programming[,]" which the Court construed to have its plain and ordinary meaning based on the '205 Patent specification and that the patent language specifically does not require multiple adjacent magazines as Defendants contended. See (Doc. 156 at 22–25). The Court found that the plain and ordinary meaning of the disputed phrase adequately resolved the parties' dispute. Id. at 24.

those issues in the jury's presence. However, to the extent that Plaintiff's attempts to inspect the PERSOMASTER machines that were allegedly blocked or prevented by Defendants becomes relevant, Plaintiff may proffer such evidence at sidebar for the Court to determine the probative value of the proffered evidence outside of the jury's presence. In other words, the parties will not present evidence of alleged discovery or attorney misconduct in the jury's presence.

    i. Defendants' Motion regarding reference to Coesia and any reference to the assets sold by Zeiser GmbH and Zeiser Inc. is **DENIED**. Reference to Coesia and the assets sold by Zeiser GmbH and Zeiser Inc. may be relevant to Defendants' lack of sales from August 2018 to the present and to the valuation of the patented technology. Any possible confusion to the jury is outweighed by its probative value. See Fed. R. Evid. 401, 403.

    j. Defendants' Motion regarding presentations, arguments, or assertions of false statements regarding the structure and function of the Modified PERSOMASTER Machines and presentations of irrelevant and factually unsupported hypotheticals is **DENIED**. The Court previously determined that are issues of fact remaining as to the modifications of the PERSOMASTER machines. See (Docs. 355 and 366).

    2. Plaintiff's Omnibus Motion in Limine (Doc. 352 and S. Doc. 368; Plaintiff's Motion) is **GRANTED in part** and **DENIED in part** as follows:

    a. Plaintiff's Motion regarding evidence or argument regarding "inequitable conduct" is **DENIED**. The Court will not preclude Defendants at this juncture from explaining that the prior art 7000 and 9000 series machines were allegedly not

considered by the USPTO and rebutting Plaintiff's arguments that prior art considered by the patent examiner during prosecution is entitled to less weight under the "clear and convincing" evidentiary standard.

            b. Plaintiff's Motion regarding evidence or argument regarding non-infringement affirmative defenses and counterclaims is **GRANTED** to the extent that defense counsels' understandings and settlement discussions pursuant to Rule 408 of the Federal Rules of Evidence are excluded. Defendants represent that they will not be introducing defense counsel's, Robert Evans, testimony regarding his understanding of any agreements. See Defendants' Opp. at 4–6. At this time, the Court does not exclude Defendants' witnesses from testifying regarding any alleged modifications made to Defendants' machines and Defendants' attempts to avoid allegations of infringement.

            c. Plaintiff's Motion regarding evidence of hypothetical designs that were never actually implemented is **GRANTED** to the extent that Defendants are precluded from introducing evidence of hypothetical designs that Defendants cannot factually support with evidence, such as through witnesses Jean Michel Jousson and Henry Dreifus.

            d. Plaintiff's Motion regarding testimony of Mr. Dreifus and Mr. Hoffman's reliance on Mr. Dreifus is **DENIED**. See (Doc. 346 at 4–9; Order denying Plaintiff's Daubert Motion regarding Mr. Dreifus). In light of the Court's previous Order denying Plaintiff's request to exclude Mr. Dreifus, at this juncture the Court will not exclude Mr. Hoffman's reliance on Mr. Dreifus.

            e. Plaintiff's Motion regarding claim construction arguments not raised by Defendants during the Markman proceedings or rejected by the Court is **GRANTED**.

See § 1(g) of this Order (citing Avocent Huntsville Corp., 443 F. Supp. 2d at 1305; Atmel Corp., 1998 WL 775115 at *2–3).

     f. Plaintiff's Motion regarding Defendants' witnesses who have not been deposed for trial is **DENIED**.  However, Plaintiff is permitted to depose Defendants' corporate representative, Thorsten Tritschler or Mr. Coco, before trial. Specifically, Defendants shall make the corporate representative of Plaintiff's choice, either Mr. Tritschler or Mr. Coco, available for deposition between Friday, November 8, 2019 and Tuesday, November 12, 2019, at 9:00 a.m. Defendants shall make the chosen deponent available for deposition at a time and location most convenient for Plaintiff. The deposition shall not exceed 5 hours.

    **DONE** and **ORDERED** in Jacksonville, Florida this 29th day of October, 2019.

BRIAN J. DAVIS
United States District Judge

5
Copies furnished to:

Counsel of Record